256 A.2d 487.

MARVIN M. SHILLER AND WARREN L. SCHWERIN *d/b/a* OMEGA PROPERTIES *vs.* RAYMOND GEMMA *et ux.*

AUGUST 6, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. This is a petition for certiorari which seeks to review an order of a superior court justice requiring the instant petitioners, as plaintiffs in a civil action, to post an indemnification bond in the amount of $200,000. We issued the writ, and in compliance with its mandate, the pertinent records were certified to this court for our examination.

It appears therefrom that petitioners, both residents of the state of New York, originally commenced a civil action which sought specific performance of a contract for the purchase of real estate and, or in the alternative, money damages for breach thereof. The defendants answering, filed a counterclaim, in connection with which they moved for the production of certain documents as authorized by rule 34(a) of the superior court rules of civil procedure. After hearing, this motion was granted, but plaintiffs refused to comply with its mandate. A hearing was accordingly held before the superior court justice who had ordered the production, and as a consequence, plaintiffs were found to be in contempt of the court's order to produce. As a condition of purging themselves of that contempt, plaintiffs were ordered, among other requirements,[1] to post an indemnity bond in the amount of $200,000 for the protec-

---

[1]The trial justice also ordered the plaintiffs to pay deposition costs of $37, counsel fee of $150, and ordered the plaintiff Schwerin to attend a further deposition on April 2, 1968, but our writ of certiorari was issued specifically to decide the issue relative to the bond.

tion of defendants on their counterclaim, with the condition, however, that if defendants did not prevail, they would bear the cost of the bond premium. It is from this order that plaintiffs petitioned for certiorari.

The primary office of the writ of certiorari is supervisory in nature which this court will exercise to keep lower tribunals within their jurisdiction. *Hardman* v. *Personnel Appeal Bd.,* 100 R. I. 145, 211 A.2d 660; *Gordon* v. *Gordon,* 95 R. I. 299, 186 A.2d 732. We have, however, in the exercise of our revisory and appellate jurisdiction, issued the writ to correct alleged errors of law where it appeared that unusual hardship or exceptional circumstances would void the benefits of otherwise adequate remedies at law. *Rogers* v. *Rogers,* 98 R. I. 263, 201 A.2d 140; *Dyer* v. *Keefe,* 97 R. I. 418, 198 A.2d 159.

To invoke certiorari here, plaintiffs must show this court either that the superior court justice had no jurisdiction to order the indemnity bond, or that in so doing, he has placed them in such a position that for them to provide the bond and proceed to trial, or to refuse to do so and submit to judgment and appeal therefrom, would result in irreparable harm or serious hardship.

Our examination of the record and the arguments of counsel convince us that plaintiffs have failed in their burden.

Turning first to plaintiffs' argument that the superior court justice lacked jurisdiction to order the bond, it is to be noted that plaintiffs' original complaint was addressed to the equitable jurisdiction of the superior court in that it sought specific performance of a contract for the sale of real property. The plaintiffs argue, however, that such equitable jurisdiction was removed through the operation of their answer to defendants' counterclaim, which answer abandoned the count for specific performance. The merits of this contention are not reached for the reason that the

record is clear that the court had such equitable jurisdiction at least until April 1, 1968, the date on which the order requiring the bond was entered. The plaintiff had effectively, through lis pendens and attachment, tied up defendants' property to the contract value of $150,000, and at the same time made recovery by defendants impractical by keeping their assets outside of the court's jurisdiction. This court will not fault the superior court justice for requiring that *"He who seeks equity must do equity."*

Furthermore, rule 37(b) of the superior court rules of civil procedure provides wide latitude in punishing parties and their counsel for refusal to participate in discovery proceedings. Such relief includes:

> "(b) Failure to Comply With Order.
>
> "(1) *Contempt.* If a party or other witness refuses to be sworn or refuses to answer any question after being directed to do so by the court, the refusal may be considered a contempt of court.
>
> "(2) *Other Consequences.* If any party or an officer or managing agent of a party refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions, or an order made under Rule 34, or an order under Rule 35, or if a party refuses to answer designated questions after his objections thereto under Rule 30 have been overruled by the court, the court may make such orders in regard to the refusal *as are just,* and among others the following: (emphasis ours)
> \* \* \*
>
> "(iii) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party \* \* \*"

It is fundamental that the superior court justice, having jurisdiction to dismiss plaintiffs' claim altogether, could order something less drastic than dismissal of plaintiffs' action as a condition for preserving their cause of action.

This brings us to a consideration of the basic principle contained in plaintiffs' argument, which principle calls for issuance of the writ because of the irreparable harm that will be caused to plaintiffs by permitting the order to remain in effect. They argue that the inalienable rights guaranteed by the Magna Carta and both the federal and state constitutions will be violated if one who sues, rich or poor, can be required to post surety bonds to insure against all damages that might be sought by counterclaims. This argument, however, misconceives the thrust of the superior court justice's order. It was made in connection with a specific finding of contempt. Any abuse of discretion, misconception of law or evidence, and any harm caused to these plaintiffs can be appropriately tested by appeal from a final judgment.

The petition for certiorari is denied and dismissed, the writ heretofore issued, having been improvidently issued, is quashed, and the records certified are ordered returned to the superior court with our decision endorsed thereon. However, in light of the fact that the record before us has been supplemented by a transcript of proceedings held before the superior court justice subsequent to our issuance of the writ, we remand without impairment to the superior court's jurisdiction to make such alteration in the original order of April 1, 1968, as now-prevailing circumstances may warrant.

Motion for reargument denied.

*Raymond J. Surdut,* for petitioners.

*Albert DiFiore,* for respondents.