275 A.2d 260.

MARVIN M. SHILLER AND WARREN L. SCHWERIN *d/b/a* OMEGA PROPERTIES *vs.* RAYMOND GEMMA *et ux.*

MARCH 25, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This civil action for specific performance, or in the alternative money damages, was commenced by two nonresidents who are apparently without assets in this

state. Their claim is predicated, in substance, on averments that the defendants refused to honor an option giving the plaintiffs the right to purchase a large tract of land in East Greenwich.

The defendants, answering, denied generally and additionally counterclaimed in the sum of $200,000. It is predicated, in essence, on averments of harassment by plaintiffs.

In connection with their counterclaim, defendants moved for a subpoena duces tecum seeking to examine certain records of plaintiffs. The subpoena issued but plaintiffs refused to make said records available. As a consequence, defendants moved under Super. R. Civ. P. 41(b)(2) to dismiss plaintiffs' claim for noncompliance with an order of the court. A hearing was held thereon at which the Superior Court justice denied defendants' motion to dismiss but, as a condition to plaintiffs maintaining their case, required them to post an indemnification bond of $200,000 for protection of defendants, should they prevail on their counterclaim.

The plaintiffs thereupon petitioned this court for a writ of certiorari and a stay of the order requiring them to post a bond as aforesaid.

We ordered the writ to issue and granted the stay as prayed. After consideration on oral arguments and briefs, the writ was quashed as having been improvidently issued. See *Shiller* v. *Gemma*, 106 R. I. 163, 256 A.2d 487.

We did not, however, vacate the stay for the reason that, although there was not merit to plaintiffs' contention that the Superior Court justice lacked jurisdiction to require the posting of a bond, there were circumstances which indicated that the Superior Court justice should have an opportunity to review his order of April 1, 1968. These reasons are sufficiently set forth in *Shiller, supra,* and need not be repeated here.

Accordingly, we remanded the cause to the Superior

Court for a hearing on the question of whether, in light of the circumstances intervening between the entry of the April 1, 1968 order and our review in the certiorari proceedings, the Superior Court would be inclined to affirm, alter, or quash the order of April 1, 1968. On a hearing held pursuant to our remand, an order would be entered which one way or another would render our stay moot. In other words, after the remand hearing, a new order would be entered by the Superior Court.

Our opinion in *Shiller* was filed on August 6, 1969, and reargument denied September 30, 1969. Thereafter, plaintiffs made no effort to be heard in connection with our remand until after defendants moved to enforce the order of April 1, 1968.

This motion was filed October 15, 1969, and assigned for hearing to October 20, 1969. Thus confronted with a determination of the issue, a proceeding which they would understandably never have initiated, plaintiffs filed a motion on October 17, 1969, seeking to have the April 1, 1968 order quashed. They assigned this motion to November 17, 1969. When defendants' motion came on to be heard on October 20, continued by the court to October 23, plaintiffs first asked that defendants' motion be further continued and heard in consolidation with their motion of November 17. The Superior Court justice refused, correctly observing that both motions involved the same issue and offered plaintiffs an opportunity to present such facts as might be relevant on the question of whether the April 1 order should be altered or quashed. The plaintiffs declined, although they had issued subpoenas for defendants for that day.

The Superior Court justice thereupon granted defendants' motion and directed plaintiffs to file a surety bond in the amount of $200,000 as a condition of preserving their right of action against defendants.

The plaintiffs then requested that the date for the posting of the bond, namely October 31, 1969, be stayed until after the hearing of plaintiffs' motion on November 17. The court denied this request.

Consequently, on October 24, 1969, an order was entered requiring plaintiffs to file a surety bond in the sum of $200,-000 by October 31. On the same day that it was entered, plaintiffs appealed from said order.

In connection therewith, they make several contentions, only one of which, however, requires discussion.

It is, in essence, that by ordering the posting of an indemnification bond by October 31, 1969, the Superior Court justice foreclosed the jurisdiction of that court to hear plaintiffs' motion assigned for hearing to November 17, 1969, which motion was made pursuant to the remand language of this court in *Shiller, supra*. This contention misconceives the thrust of the Superior Court justice's action. As heretofore noted, said justice was aware that defendants' motion assigned for hearing to October 20, 1969, and plaintiffs' motion assigned for hearing to November 17, 1969, which latter motion was not filed until after defendants had filed their motion, raised the same issue: namely, had there been such a change in circumstances between the April 1, 1968 order and the disposition of the writ of certiorari as to motivate the Superior Court to alter the said April 1, order? He afforded plaintiffs an opportunity to place in the record such change in circumstances as plaintiffs might believe would induce the court to alter by modifying, amending, or even by quashing the original order of April 1, 1968; that plaintiffs declined to avail themselves of such opportunity although they had subpoenaed defendants to be present that day. It can only be presumed that their purpose in doing this was to be certain that defendants would be present for examination on probative matters. Indeed, in explana-

tion of subpoenaing defendants, counsel for plaintiffs stated to the court that this had been done to protect plaintiffs' interest, if they were required to proceed on defendants' motion.

It is clear that the Superior Court justice felt as we also feel, that plaintiffs were indulging in dilatory tactics. In denying plaintiffs' request to continue defendants' motion for hearing to November 17, to which date plaintiffs had assigned their motion, and granting defendants' motion for enforcement of the April 1, 1968 order, the Superior Court justice stated, "In any event, it is the court's judgment that the plaintiffs had nothing to report at this point which would warrant the granting of their motion for a hearing. The motion is silent as to reasons, in the court's judgment, and clearly dilatory." While it may be argued that the Superior Court justice could not require plaintiffs to go forward on their motion assigned for hearing on November 17, it cannot be gainsaid that defendants' motion, which raised the same issue, was before the court, and it was in the absence of any evidence as to a change in circumstances that prompted said justice to grant defendants' motion.

The plaintiffs' appeal is denied and dismissed; the order appealed from affirmed, and the cause remanded to the Superior Court for further proceedings in connection with the defendants' counterclaim.

Motion to reargue denied.

*Raymond J. Surdut,* for plaintiffs.

*Albert DiFiore,* for defendants.