304 A.2d 353.

Antonio Barletta *et ux. vs.* Charles A. Kilvert *et al.*

MAY 9, 1973.

Present: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

Per Curiam. On March 22, 1971, the petitioners, as taxpayers and parents of children within the Providence school system, filed a complaint in the Superior Court seeking to enjoin the defendant-members of the Providence School Committee from implementing the Providence Plan for Desegregation of Senior High Schools.[1]

A hearing was held before a justice of the Superior Court on. petitioners' prayer for a preliminary injunction. The petitioners rested on their sworn complaint wherein they challenge the legality of the school committee's action, and allege the violation of certain constitutional rights. The

---

[1]Other relief sought by petitioners in their complaint is not pertinent here and therefore need not be discussed at this time.

respondents presented the testimony of the superintendent and deputy superintendent of the Providence School Department, and also introduced several exhibits. At the conclusion of the evidence the trial justice denied the motion for a preliminary injunction, stating that he saw no equity in the bill and no reason to grant a temporary injunction.

After the denial of their application for a preliminary injunction, petitioners filed in this court a motion for leave to file a petition for certiorari to review the trial justice's action.[2] They also prayed for a stay to prevent implementation of the Providence plan. The respondents, who were then members of the school committee, filed a memorandum in opposition to the motion for leave to file the petition for certiorari.

On the basis of the allegations in petitioners' petition we granted petitioners' motion without prejudice to respondents' right to renew their objections thereto at the hearing on the merits, but denied their prayer for a stay. *Barletta* v. *Kilvert,* 109 R. I. 904, 281 A.2d 305 (1971).

After we granted petitioners' motion the Mount Pleasant Parents and Citizens Council, a Rhode Island nonbusiness corporation, filed a motion for leave to intervene as amicus curiae and to file a brief and make oral argument with respect to the legality of the Providence plan. We granted this motion. *Barletta* v. *Kilvert,* 109 R. I. 923, 283 A.2d 472 (1971).

The respondents argue now, as they did in the memorandum of law which they filed in opposition to petitioners' petition for certiorari, that certiorari should not lie because petitioners are seeking a review of an interlocutory order, and also, because they have not alleged either in their com-

---

[2] This motion was filed prior to the effective date of our new rules which do away with the requirement for the filing of a "motion for leave to file" a petition for certiorari. See Rule 13 of the new rules.

plaint or in this petition any unusual hardship. We believe there is merit to respondents' contention.

This proceeding involves the denial, not the granting, of an application for a temporary injunction. The petitioners clearly have an adequate remedy at law since the ordinary remedy by appeal to this court will be available to them if the final decision on the merits by the Superior Court is adverse to them. General Laws 1956. (1969 Reenactment) §9-24-1, as amended by P. L. 1965, ch. 55, §41. Rule 3 of Rules of the Supreme Court of Rhode Island.

Under our cases certiorari does not ordinarily lie where another adequate remedy is available whereby the applicant's rights can be reviewed and determined by this court, nor where the petition seeks a review of an interlocutory order nor where to grant certiorari will result in bringing a matter before us in piecemeal fashion. This is the rule which has been followed in this state for many years, except where it is shown that unusual hardship or exceptional circumstances would void the benefits of an otherwise adequate remedy at law. *Shiller & Schwerin v. Gemma,* 106 R. I. 163, 256 A.2d 487 (1969); *Rogers v. Rogers,* 98 R. I. 263, 201 A.2d 140 (1964).

After hearing oral argument and studying the record, we have reached the conclusion that the record contains no unusual or exceptional circumstances which warrant the issuance of the writ, in view of the availability of an appeal from any adverse decision after a hearing on the merits. Nor are we convinced that the issuance of the writ is necessary to prevent unusual hardship or irreparable injury or loss. We find now that the writ was improvidently granted and should therefore be dismissed.

The petition for certiorari is denied and dismissed, the writ heretofore issued appearing from the record to have been improvidently issued is quashed, and the record cer-

tified to this court is ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Joslin and Mr. Justice Doris did not participate.

*Anthony J. Bucci,* for petitioners.

*Vincent J. Piccirilli,* for respondents.

*Edwards & Angell, James K. Edwards, John H. Blish,* Attorneys for Mount Pleasant Parents and Citizens Council, Amicus Curiae.