337 A.2d 794.

JAMES L. TAFT, JR. *et al. vs.* ANTHONY A. TRIBELLI *et al.*

MAY 23, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is certiorari. The petitioners are the mayor of the city of Cranston and the chief of the city's fire department. The respondents are members of that municipality's Personnel Appeal Board.

The record certified to us indicates that in August 1973 the board heard an appeal by Mason R. Cornell, a private in the fire department and the number one man on the civil service list of candidates eligible for promotion to the rank of lieutenant. In June 1973, the mayor appointed the number two and the number four man on the promotional list. Cornell's appeal was based on his contention that the mayor had passed him over because Cornell had actively supported political candidates whose political persuasions differed from those of the mayor. He contended that this placed the mayor in violation of Cranston's civil service rules.

The board rejected Cornell's appeal but then went on to note that although other provisions of the civil service rules permit the appointing authority to make an appointment from any one of the three highest ranking candidates the rules require that "[t]he appointing authority shall file his reasons with the Personnel Director, should the highest ranking eligible fail to be appointed." The board acknowledged that the mayor had informed it that he had been advised by the city solicitor that as the city's chief executive he was not bound by the regulation, but expressed its disagreement with the solicitor's advice, and ordered the mayor to follow the "prescribed rules." The board concluded its decision by exhorting the fire chief to arrange a private meeting with Cornell and discuss with him his chances of ever being promoted.

We have permitted Cornell to file a brief as an intervenor. In the interest of preciseness his brief has been accepted as an amicus curiae.[1] Cornell's brief does raise the propriety of our grant of the mayor's and the chief's petition for certiorari.

The issuance of the writ of certiorari of course in-

---

[1]*See Mansolillo* v. *Taft,* 113 R. I. 320, 320 A.2d 607 (1974).

volves an exercise of our discretion. The writ will ordinarily not issue when there are other adequate remedies available. Here, the city has prevailed on Cornell's appeal. If the mayor wishes guidance as to his future course of action should he appoint someone other than the leading candidate, he may institute a declaratory judgment action or he may persist in his belief that as mayor he is not bound by the civil service regulations and leave it up to the rejected candidate to litigate the matter. Any effort on our part to decide the issue which has presently placed the mayor at odds with the Personnel Appeal Board would result in our giving an advisory opinion. This, of course, we will not do.

So far as the fire chief is concerned, the language used by the board is purely precatory. It does not direct him to confer with Cornell, it merely suggests that a tête-à-tête between the chief and the private might clear the air and avoid any future misunderstandings. The chief is free to do whatever he wants. There is nothing in the board's decision that adversely affects him in any manner, shape, or fashion.

Having examined the record that was not available when we initially issued the writ, we find it is quite apparent that the writ was improvidently issued.

The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the papers certified to us are returned to the respondent board.

*Jeremiah S. Jeremiah, Jr.*, Asst. City Solicitor, for petitioners.

*Hogan & Hogan, Thomas S. Hogan,* for Intervenor, Mason R. Cornell.