401 A.2d 1288.

STATE OF RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT *et al. vs.* JOHN DUTRA.

MAY 31, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.    The petitioner in these certiorari proceedings is the Director of the Department of Environmental Management and the respondent, John Dutra, is a park policeman employed by the department.

On July 29, 1977, the chief of the department's enforcement division notified Dutra that he was charged with conduct unbecoming an officer in violation of the department's rules and regulations governing park police. A department investigation was conducted, as required by the Law Enforcement Officers' Bill of Rights (the Act),[1] and it resulted in the chief's recommendation to the department director that Dutra be . dismissed from the service. The director then advised Dutra (1) that he intended to act in accordance with that recommendation, and (2) that the Act entitled him to a hearing before a hearing committee composed of three members of the agency.[2]

Dutra requested a hearing, a committee was selected, and the hearing held. The hearing committee in a written decision agreed that the charges against Dutra were supported by the evidence, but disagreed with the director on the appro-

---

[1]General Laws 1956 (1977 Reenactment) §§42-28.6-1 to -15 is known as the Law Enforcement Officers' Bill of Rights. Section 42-28.6-2 outlines the procedural requirements applicable "[w]henever a law enforcement officer is under investigation or subjected to interrogation by a law enforcement agency, for any reason which could lead to disciplinary action, demotion or dismissal* * *."

[2]If the investigation results in the recommendation of a punitive measure, §§42-28.6-4 and -5 of the Act provide that the officer investigated may request a hearing "on the issues" before a committee of the law enforcement agency by which the officer is employed. Section 42-28.6-1(B) provides that the hearing committee shall consist of three members, one of whom shall be selected by the highest ranking member of the law enforcement agency, another by the aggrieved law enforcement officer, and the third by the other two.

priate punishment and concluded that Dutra should be suspended rather than dismissed. Nonetheless, the director, acting on the assumption he and not the committee had the final say on the punishment to be administered, informed Dutra that he was dismissed.

Dutra then filed a complaint in the Superior Court asserting that his dismissal was illegal and in violation of the Act, and seeking a judgment (1) enjoining the Director from dismissing him and (2) ordering him to implement the hearing committee's mandate. Following a hearing in that court the trial justice, who sat without a jury, concluded that under the Act the hearing committee's penalty recommendation was conclusive and could not be modified by the director, and he granted Dutra the relief he sought. Upon entry of judgment the director applied for certiorari and we ordered the writ to issue. *State v. Dutra*, 120 R.I. 1004, 391 A.2d 130 (1978).

At the threshold we consider whether a petition for a writ of certiorari was the appropriate procedural vehicle for seeking review of the Superior Court judgment. In opposing issuance of the writ, Dutra readily acknowledged that, if dissatisfied with the hearing committee's decision, he could have appealed to the Superior Court pursuant to §42-28.6-12 of the Act. He stated, however, that he was satisfied with the hearing committee's decision and that the complaint he filed in the Superior Court was not an attack upon or an appeal from that decision, but the initiation of a civil action seeking equitable relief against the director's allegedly unlawful attempt to review and alter the penalty imposed by the hearing committee. The judgment entered in that action, Dutra asserted, could have been appealed as of right by the director under G.L. 1956 (1969 Reenactment) §9-24-1, as amended by P.L. 1975, ch. 244, §1. Accordingly, he concluded that the director's petition for a writ of certiorari should be denied.

We rejected Dutra's arguments and ordered the writ of certiorari to issue. Now that case is here on the merits,

however, we have had an opportunity to examine the record more carefully than we did when we considered the petition for the writ. As a result, we find that the arguments which were unpersuasive then are persuasive now. We are satisfied that the proceeding in the Superior Court was, as Dutra argued when he opposed issuance of the writ, a civil action seeking injunctive relief, rather than an appeal from an administrative decision, and that the director could have appealed as of right from the Superior Court judgment. In these circumstances, the director's petition for certiorari should have been denied. *Taft* v. *Tribelli,* 114 R.I. 676, 678, 337 A.2d 794, 796 (1975); *Barletta* v. *Kilvert,* 111 R.I. 485, 487, 304 A.2d 353, 354 (1973).

Although the petition for certiorari should have been denied, we do not believe that the interests of justice will suffer if now, instead of quashing the writ of certiorari as improvidently granted, we treat it as if it were a claim of appeal. *Murphy* v. *Charlie's Home Improvement Co.,* 117 R.I. 324, 326-27, 366 A.2d 809, 811 (1976); *Johnson* v. *Johnson,* 111 R.I. 46, 49-50, 298 A.2d 795, 797 (1973). So articulated, it was properly filed within 20 days after entry of the judgment whose review was sought and raises for determination the question of whether the director is authorized to review a penalty imposed by a hearing committee.

On that question, our decision in *Lynch* v. *King,* 120 R.I. 868, 391 A.2d 117 (1978) is controlling. In that case the mayor of the city of Pawtucket, in his capacity as public safety director, notified a Pawtucket policeman that he was dismissed from the force. The officer requested a hearing and the hearing committee ordered a 15-day suspension. Instead of insisting on the penalty he had imposed, the mayor instituted certiorari proceedings in order to ascertain the limits of his and the hearing committee's authority to fix penalties. In response, we said that the Legislature had not intended "that the committee be bound in any way by the recommendation of the charging authority" and we upheld the committee's order of suspension. *Id.* at 878, 391 A.2d at 123. That holding compels the conclusion that the director in this case

exceeded his authority when he attempted to alter the penalty fixed by the hearing committee.

The hearing committee's decision, however, is not free from infirmity. Although the committee found that suspension was the appropriate sanction for Dutra's behavior, it did not fix the duration of that suspension. A suspension without either a starting or an expiration date is, in effect, a dismissal. To remedy this infirmity requires a remand to the Superior Court. If that court finds it possible to reconvene a hearing committee with the same membership as the committee which originally acted in this matter, it should remand the case to that committee and direct it to set the temporal boundaries of the suspension. If it proves infeasible to reconvene the hearing committee, the Superior Court shall itself assume the obligation of setting such boundaries and may in its discretion take further evidence.

The Superior Court judgment is likewise infirm. It permanently restrains and enjoins the director from dismissing Dutra. Obviously, no more was intended than to enjoin the director from dismissing Dutra on this charge, and not in perpetuity. The judgment should be modified accordingly.

The writ of certiorari, having been articulated as an appeal, is quashed pro forma; the director's appeal is denied and dismissed, the judgment appealed from is affirmed subject to modifications consistent with this opinion, and the case is remanded to the Superior Court for such modifications.

*R. Daniel Prentiss*, Chief Legal Counsel, *Sean O. Coffey*, Legal Counsel, Department of Environmental Management, for petitioners.

*Corcoran, Peckham & Hayes, Kathleen Managhan*, for respondent.