Alfred **TESTA** et al.

v.

**CITY OF PROVIDENCE.**

**No. 88–527–M.P.**

Supreme Court of Rhode Island.

April 18, 1990.

Bruce Hodge, Boston, Mass., Keven A. McKenna, McKenna, Greenwood & Feinstein, Providence, for plaintiffs.

David D. Curtin, Alison L. Holm, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court pursuant to our grant of a petition for a writ of certiorari. The plaintiffs below in a class action, seek a review of a Superior Court order that requires them to send notices to unnamed sewer-fee ratepayers and that requires the unnamed ratepayers to file notices of joinder in a class action. We quash the order of the Superior Court.

On or about July 16, 1982, twenty-two named plaintiffs (or petitioners) filed a class action, seeking the recovery of an alleged overcharge of sewer fees by defendant city of Providence. The plaintiffs below claim that over 20,000 sewer ratepayers were affected by the alleged overcharge. On October 10, 1985, they filed a motion to certify the class, and the Superior Court granted the motion. The trial justice stated that the class would consist of "all Providence ratepayers subject to the sewer use fee from January 1, 1982 to July 1, 1985, inclusive."

Several years later the city of Providence filed a motion asking the court to order that notice of the action be sent to all members of plaintiff class. After a hearing, the motion was granted on May 13, 1988. The plaintiffs below moved to vacate the order and the motion was denied. The trial justice noted in his order denying the motion to vacate that in addition to notice being sent, each individual plaintiff "shall be required to affirmatively give return notice of his or her desire and authorization to be included in the class litigation" (this return-notice requirement is also referred to as an opt-in requirement). In a later order plaintiffs were again ordered to comply with the individual-notice requirement on or before August 12, 1988.

The plaintiffs then filed a petition for writ of certiorari with this court, which was granted. Certiorari does not ordinarily lie when the petition seeks a review of an interlocutory order; however, when it is shown that unusual hardship or exceptional circumstances would void the benefits of an otherwise adequate remedy at law, we may grant certiorari. *Barletta v. Kilvert*, 111 R.I. 485, 487, 304 A.2d 353, 354–55 (1973).

The class-action questions raised in this case involve the application of Rule 23 of the Superior Court Rules of Civil Procedure.[1] The petitioners argue that the trial justice erred in requiring that individual notice be sent to all members of plaintiff class. They allege that never at the time of certification of the class or since then has defendant ever suggested that repre-

---

1. Rule 23 of the Superior Court Rules of Civil Procedure (class actions) states in pertinent part:

   "(a) *Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued.
   " * * *
   "(d) *Orders to Insure Adequate Representation.* The court at any stage of an action under this rule may require such security and impose such terms as shall fairly and adequately protect the interests of the class or association in whose behalf the action is brought or defended. It may order that no-

   tice be given, in such manner as it may direct, of the pendency of the action, of a proposed settlement, of entry of judgment, or of any other proceedings in the action, including notice to the absent persons that they may come in and present claims and defenses if they so desire. Whenever the representation appears to the court inadequate fairly to protect the interests of absent parties who may be bound by the judgment, the court may at any time prior to judgment order an amendment of the pleadings, eliminating therefrom all reference to representation of absent persons, and the court shall order entry of judgment in such form as to affect only the parties to the action and those adequately represented."

sentation of the class was inadequate. The petitioners argue that Rule 23 does not give a trial justice the authority to require that each class member must opt in to a class action. They believe that the city of Providence is merely attempting to reduce the size of the potential judgment by reducing the number of persons in the class.

The city of Providence argues that the Superior Court did not abuse its discretion in requiring individual opt-in mail notice. It argues that a plain reading of Rule 23(d) indicates that some form of notice is clearly contemplated by the rule's drafters as an essential element of class-action procedure. The respondent submits that individual mail notice is the constitutionally preferred manner of providing notice to members of plaintiff class. The city of Providence also contends that named plaintiffs must bear the cost of individual notice to all class members.

■ In this class action the Superior Court originally certified the class and subsequently ordered that members of the class must be given notice and must affirmatively give return notice of their desire to opt in to the lawsuit. Rule 23(d), however, does not require notice in every class action. Notice is to be used to ensure the adequacy of the representation of the class. In this case there is no suggestion that representation was inadequate or problematic. All the members of the class are sewer ratepayers, had common residence in the jurisdiction, raise common questions of law and fact, and nearly all have such small amounts of money at stake that it is not economical for everyone to join the suit individually or to file a separate suit. Complex issues of personal jurisdiction and conflicts of law do not present themselves here. In light of these facts it is our opinion that requiring notice is unnecessary.

■ Regarding the propriety of the trial justice's requirement that each class member must opt in to the class action, Rhode Island law is undeveloped in this area. The United States Supreme Court, however, in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), has held that due process does not require that plaintiffs opt in to a class.[2] The Court noted:

> "Requiring a plaintiff to affirmatively request inclusion would probably impede the prosecution of those class actions involving an aggregation of small individual claims, where a large number of claims are required to make it economical to bring suit. * * * The plaintiff's claim may be so small, or the plaintiff so unfamiliar with the law, that he would not file suit individually, nor would he affirmatively request inclusion in the class if such a request were required by the Constitution." *Id.* at 812–13, 105 S.Ct. at 2975, 86 L.Ed.2d at 642.

In this case plaintiffs allege that the average residential plaintiff has a claim of approximately $32.[3] Such claims are so small that individual suits would be impractical. In addition the cost of giving notice to the alleged 20,000–plus overcharged sewer ratepayers would be an unreasonable-expenditure requirement for the petitioners.[4] It is therefore the opinion of this court that an opt-in requirement would render this class action prohibitive, both economically and practically. Also, notice for the purpose of allowing class members to opt out is not needed. If the class action is successful, class members who wish to opt out of the class can always endorse their share of the overcharge back to the city.

Accordingly the plaintiffs' petition for the issuance of the writ of certiorari is granted, the order of the trial justice requiring both notice to class members and

2. Although Rule 23 of the Federal Rules of Civil Procedure differs substantially from its Rhode Island counterpart, we do find that interpretations of the Federal rule can be of some guidance.

3. Some of the class members are commercial users and may have considerably higher over-

charge claims; however, the vast majority of the class members are residential users.

4. Although the cost of giving notice in this case is not certain, petitioners allege that it would cost over $9,000.

their opt-in response is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.