July 3, 2025

Verizon New England Inc.        :

v.                              :

Neena S. Savage, in her capacity as        :
Tax Administrator for the State of
Rhode Island.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Verizon New England Inc.　　　:

v.　　　:

Neena S. Savage, in her capacity as　　　:
Tax Administrator for the State of
Rhode Island.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.** The plaintiff, Verizon New England Inc. (Verizon or plaintiff), seeks review on certiorari of a District Court judgment in favor of the defendant, Neena S. Savage, in her capacity as Tax Administrator for the State of Rhode Island (tax administrator or defendant). The issue before this Court concerns the interpretation of the term "accumulated depreciation" as used in G.L. 1956 § 44-13-13, which governs taxation of the tangible personal property (TPP) of "telegraph, cable, and telecommunications corporations and express corporations" operating in the State of Rhode Island. For the reasons stated herein, we affirm the judgment of the District Court.

## Facts and Travel

Section 44-13-13 provides the method by which taxes are imposed on the TPP of telecommunications companies doing business in Rhode Island. Under § 44-13-13, each company subject thereto is required to declare the "value of its tangible personal property in the state of Rhode Island" annually. Section 44-13-13(2). The phrase "value of tangible personal property" is defined as "the net book value of tangible personal property of each company doing business in this state as computed by the department of revenue." Section 44-13-13(1)(vii). The statute further defines "net book value" as "the original cost less accumulated depreciation; provided, that no tangible personal property shall be depreciated more than seventy-five percent (75%) of its original cost." *Id.*

Verizon is a New York corporation that provides telecommunications services across Rhode Island and is thus subject to § 44-13-13. For the calendar years ending December 31, 2008, and prior, Verizon had declared the value of its TPP based on its financial accounting depreciation. However, Verizon decided to reevaluate its approach after changes in the telecommunications industry throughout the 2000s caused the value of its TPP to "rapidly decline." To that end, Verizon hired American Appraisal, an independent valuation company, to appraise the value of its Rhode Island telecommunications plant as of December 31, 2009. According to

American Appraisal's report, which was issued in February of 2011, the value of Verizon's telecommunications plant as of December 31, 2009, was $290,000,000.

The original form that Verizon submitted using financial accounting valuation for the year ended December 31, 2009, which had been filed in February of 2010, stated that the net book value of Verizon's TPP was $575,275,701. In reliance on the American Appraisal report, Verizon subsequently submitted an amended valuation form for the year ended December 31, 2009, which took into account the requirement that no TPP could be depreciated more than 75 percent of its original cost. The revised form declared that the value of Verizon's taxable property, "based on original cost less all accumulated depreciation affecting the value of the property being taxed," was $368,136,206. Verizon requested a tax refund in the amount of $2,967,554 for the tax year ended December 31, 2009.

Thereafter, from 2010 through 2014, Verizon submitted two valuation forms, one depicting the value of its property "less all accumulated depreciation," and the other stating the value based on "original cost less financial accounting depreciation * * *." Additionally, Verizon included a cover letter with its submissions for each of those years indicating that its TPP tax should be based on the first form, showing all depreciation. Despite Verizon's indication, the Department of Revenue (DOR) continued to assess the company's TPP tax based on the financial accounting depreciation numbers shown in the second valuation form. Verizon paid the taxes

in full for each of the years in question but later disputed the assessments and claimed a partial refund in the amount of $21,358,152, for tax filings in 2010 through 2015.[1] Verizon's refund claims were denied.

After the denial of its refund claims, Verizon requested an administrative hearing before the Division of Taxation pursuant to § 44-13-13.1. At the administrative hearing, Verizon argued that the term accumulated depreciation "should take into account all forms of depreciation, including physical deterioration, functional obsolescence and economic obsolescence." Verizon maintained that the DOR's failure to account for functional and economic obsolescence in calculating depreciation had caused the company to suffer excessive TPP taxes for the years in question. On October 14, 2018, after full briefing on the parties' mutually-agreed-upon statement of facts, the hearing officer issued a written decision recommending that the refund denials be affirmed because the TPP tax was properly determined using the plain and ordinary meaning of the term depreciation: "loss of value due to age and wear and tear * * *." The tax administrator adopted the recommendation of the hearing officer on November 23, 2018.

---

[1] By March 1, the property owner must declare the value of its tangible property as of the preceding December 31. *See* G.L. 1956 § 44-13-13(2). Thus, Verizon is contesting assessments for tax years ending on December 31, 2009, through December 31, 2014.

On December 21, 2018, Verizon filed an appeal to District Court from the final decision of the tax administrator pursuant to G.L. 1956 § 8-8-24. In its complaint, Verizon claimed that the tax imposed on its TPP was excessive because the tax administrator calculated accumulated depreciation incorrectly by using the financial accounting method of determining depreciation. Verizon also claimed that the tax administrator failed to assess the tax based on the value declared by the taxpayer, as required by § 44-13-13(4).[2] On October 8, 2019, the City of Providence filed a motion to intervene, which was subsequently granted by the District Court.[3] The defendant filed a motion for summary judgment on August 16, 2022. The defendant maintained that "the plain terms of § 44-13-1 mandate that a uniform method of depreciation, based on the book value of the property, be utilized rather than the subjective fair market value * * *." Thereafter, Verizon moved for summary judgment on count II of its complaint and partial summary judgment as to count I of the same. The parties waived oral argument on the summary-judgment motions.

---

[2] Section 44-13-13(4) provides in pertinent part that "[t]he tax administrator shall apply the average assessment ratio and the average tax rate to the value of tangible personal property of each company and, by April 15 of each year, shall notify the companies of the amount of tax due."

[3] Other municipalities, including Pawtucket, Cranston, East Providence, Central Falls, Johnston, and Westerly, were denied permission to intervene in the District Court.

On June 6, 2023, the District Court issued a written decision granting defendant's motion for summary judgment and denying plaintiff's motion as to both counts I and II. The trial judge reasoned that, because § 44-13-13 did not define the term "accumulated depreciation," it was appropriate to turn to dictionary definitions. In doing so, he determined that the plain and ordinary meaning of depreciation "does not encompass loss in value due to external factors" as Verizon claimed. The trial judge further noted that the tax administrator had been applying financial accounting-based depreciation for forty years and that the Legislature had never intervened to change that practice. Moreover, the trial judge stated that even if the statute were considered ambiguous, the District Court would defer to the reasonable interpretation applied by the agency charged with implementing the statute. With respect to count II, the trial judge pointed out that the tax administrator had properly interpreted § 44-13-13 when she denied Verizon's refund request.

Judgment was entered in favor of defendant on June 19, 2023. The plaintiff subsequently filed a petition for writ of certiorari, which this Court granted on February 20, 2024.

## Standard of Review

"On certiorari, this Court will not weigh the evidence; 'we limit the scope of our review to the record as a whole to determine whether any legally competent evidence exists therein to support the trial court's decision or whether the trial court

committed error of law in reaching its decision.'" *Beagan v. Rhode Island Department of Labor and Training*, 162 A.3d 619, 626 (R.I. 2017) (quoting *Rhode Island Temps, Inc. v. Department of Labor and Training, Board of Review*, 749 A.2d 1121, 1124 (R.I. 2000)). "Although this Court affords the factual findings of an administrative agency great deference, questions of law—including statutory interpretation—are reviewed *de novo*." *Iselin v. Retirement Board of Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008).

"A decision granting summary judgment is reviewed *de novo* by this Court." *Saint Elizabeth Home v. Gorham*, 266 A.3d 112, 113 (R.I. 2022). "We, like the trial justice, 'view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment.'" *Id.* at 113-14 (quoting *Middle Creek Farm, LLC v. Portsmouth Water & Fire District*, 252 A.3d 745, 751 (R.I. 2021)).

## Analysis

Before this Court, Verizon argues that the District Court erred in holding that depreciation under § 44-13-13 excludes functional and economic obsolescence. Verizon contends that obsolescence should be included in the depreciation calculation because the dictionary definition of "depreciation" includes the decrease in value and decline in price of the property being depreciated, and obsolescence

results in both a decrease in value and a decline in price. Conversely, defendant maintains that the definition of "accumulated depreciation" is central to the issue before this Court and asserts that the plain and ordinary meaning of § 44-13-13 "mandates that a uniform method of depreciation based on the net book value of TPP be utilized rather than employing a taxpayer's subjective appraisal that uses evolving elements such as economic and functional obsolescence of the TPP." The defendant notes that Verizon's preferred approach to calculating depreciation would "lead to inconsistent results [as] two virtually identical assets located in the same municipality, but owned by different utilities," would be assessed at disparate values for tax purposes. Such an interpretation, defendant maintains, would expressly contravene the Legislature's intent to have all taxation-related statutes construed consistently with one another. *See Gott v. Norberg*, 417 A.2d 1352, 1356 (R.I. 1980) ("Title 44 of the General Laws * * * constitutes a comprehensive scheme of taxation. It is the intention of the Legislature to have all statutes that relate to taxation construed consistently with one another and to effectuate the policy of the law."). Additionally, the City of Providence asserts that the District Court correctly held that § 44-13-13 is clear and unambiguous.

"In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Sosa v. City of Woonsocket*, 297 A.3d 120, 124 (R.I. 2023) (quoting *Epic Enterprises LLC v. Bard Group, LLC*, 186

- 8 -

A.3d 587, 589-90 (R.I. 2018)). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id*. (quoting *Epic Enterprises LLC*, 186 A.3d at 590). "However, when faced with an ambiguous statute, it is incumbent upon this Court to apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." *In re J.T.*, 252 A.3d 1276, 1280 (R.I. 2021) (brackets omitted) (quoting *Crenshaw v. State*, 227 A.3d 67, 71 (R.I. 2020)).

We agree with the tax administrator that the instant dispute centers on the intended meaning of the term "accumulated depreciation" within the language of § 44-13-13. "It is well established that 'when a statute does not define a word, courts will often apply a common meaning as provided by a recognized dictionary.'" *Olamuyiwa v. Zebra Atlantek, Inc.*, 45 A.3d 527, 535 (R.I. 2012) (brackets and deletion omitted) (quoting *Planned Environments Management Corp. v. Robert*, 966 A.2d 117, 123 (R.I. 2009)). To that end, Black's Law Dictionary defines "accumulated depreciation" as "[t]he total depreciation currently recorded on an asset. On the balance sheet, an asset's total cost less accumulated depreciation reflects the asset's book value." Black's Law Dictionary 555 (12th ed. 2024). The term "book value" is defined as "[t]he value at which an asset is carried on a balance sheet." Black's Law Dictionary 225 (12th ed. 2024). It is undisputed that the value

of an asset, as reflected on a balance sheet, would not take into account depreciation due to functional or economic obsolescence; rather, the valuation would be based on financial accounting depreciation. In light of the foregoing, it is clear that the term "accumulated depreciation" is unambiguous. The plain and ordinary meaning of "accumulated depreciation" in § 44-13-13 refers to financial accounting depreciation. Thus, the computation of the net book value of Verizon's TPP would reflect the value as shown on Verizon's balance sheet.

The defendant further notes that the tax administrator has been applying this plain and ordinary meaning of "accumulated depreciation" for over forty years, through the use of financial accounting depreciation, without any interference from the Legislature. The defendant maintains that this uninterrupted forty-year period "demonstrates that the Tax Administrator has been interpreting the statute consistent with its intended meaning." In response, Verizon argues that the Legislature's failure to adopt amendments to § 44-13-13 does not provide a clear indication of legislative intent as "[t]he legislative history of the proposed bills gives no indication [of] why they were not adopted." (Footnote omitted.) However, "it is a well-recognized principle that a longstanding, practical and plausible interpretation given a statute of doubtful meaning by those responsible for its implementation without any interference by the Legislature should be accepted as evidence that such a construction conforms to the legislative intent." *Trice v. City of Cranston*, 110 R.I.

724, 730, 297 A.2d 649, 652 (1972).  Accordingly, we agree with the District Court that "the plain and ordinary meaning of depreciation in § 44-13-13 would not include consideration of the market contingencies, such as economic and functional obsolescence * * *."

## Conclusion

For the reasons stated herein, we affirm the judgment of the District Court. The papers may be returned to the District Court.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Verizon New England Inc. v. Neena S. Savage, in her capacity as Tax Administrator for the State of Rhode Island. |
| **Case Number** | No. 2023-221-M.P.<br>(A.A. 18-187) |
| **Date Opinion Filed** | July 3, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Sixth Division District Court |
| **Judicial Officer from Lower Court** | Associate Justice William J. Trezvant |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas P. Quinn, Esq. |
| | For Defendant:<br><br>Marc DeSisto, Esq.<br>Robert K. Taylor, Esq. |