Colonel Edmond S. **CULHANE, in His Capacity as Superintendent of the Rhode Island State Police and the State of Rhode Island**

v.

**Trooper Raymond DENISEWICH.**

No. 95–37–M.P.

Supreme Court of Rhode Island.

March 6, 1997.

Elizabeth A. Wallace, Asst. Attorney General, Bruce A. Bowie, Scituate, for Plaintiff.

Christopher D. Healey, Warwick, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on a petition for certiorari filed by the Superintendent of the Rhode Island State Police and by the State of Rhode Island, seeking review of an amended decision of a hearing committee convened pursuant to the Law Enforcement Officers' Bill of Rights, G.L.1956 § 42–28.6–4, relating to the discipline of Trooper Raymond Denisewich (Denisewich). The prior proceedings and facts of the case insofar as pertinent to our review are as follows.

On October 1, 1987, Denisewich arrested two occupants of an automobile that he had stopped for speeding on Route 95. As a result of the arrest, Denisewich seized a briefcase that was later found to contain a large quantity of cocaine. The persons arrested subsequently moved to suppress the briefcase and its contents, and in the course of the motion hearing it became relevant to determine the condition of the briefcase at the time of the arrest and also at the time of its presentation at the hearing.

A grand jury investigation resulted from Denisewich's testimony during the course of the suppression hearing. Denisewich appeared before the grand jury on June 7, 1988, but disclosed no substantive information at that time. He was later indicted by this grand jury on two counts of perjury and one count of obstruction of justice. When his case was presented for trial, a justice of the Superior Court granted a motion for judgment of acquittal on February 13, 1989.

While the criminal charges were pending, the State Police brought departmental charges against Denisewich based upon the conduct that underlay the criminal offenses for which he had been indicted. He was charged with violation of chapter II, §§ 54, 57, 38, and 8, of the Rules and Regulations of the Rhode Island State Police. These regulations covered (1) arrest, search and seizure, (2) processing property and evidence, (3) reports, and (4) conduct unbecoming a member of the State Police force. These charges were presented to a State Police hearing board pursuant to § 42–28–10. After hearing, the board recommended that Denisewich

be discharged from his employment as a member of the State Police effective April 1, 1988. Following this recommendation, Denisewich requested a hearing pursuant to the Law Enforcement Officers' Bill of Rights (§ 42–28.6–4). A hearing committee was convened consisting of a retired State Police captain and two detectives employed by the Providence police department. The hearing committee, after considering amended charges filed by the State Police and eliciting testimony from various witnesses, filed a decision. In this decision the committee found Denisewich not guilty of violating the Rules and Regulations of the State Police. In its finding the committee emphasized that departmental investigators had violated the rights of Denisewich as guaranteed by § 42–28.6–2, in the course of their interrogation. The committee also emphasized his acquittal by the Superior Court of the criminal charges.

Following this decision, the superintendent of the State Police requested review by this court, alleging that the committee had failed to take into account additional testimony that Denisewich had given to a grand jury at a later appearance on April 24, 1990. This court in an opinion rendered in the case entitled *In re Denisewich*, 643 A.2d 1194 (R.I.1994), held that the committee was obligated to reconvene for the purpose of considering the additional testimony given by Denisewich to the grand jury. This testimony was elicited from Denisewich after a grant of immunity had been given by the Presiding Justice of the Superior Court. In the course of this grand jury testimony, Denisewich admitted, among other things, that he had testified untruthfully before a justice of the Superior Court when asked if he had tampered with or changed the locks on the briefcase containing the cocaine which was the subject of the motion to suppress. Before the grand jury Denisewich admitted that he had brought the briefcase to an establishment known as T.W. Rounds and had the locks replaced.

Pursuant to this opinion the hearing committee reconvened, and without hearing further argument or testimony, examined the transcript of the grand jury hearing and issued an amended decision. In this amended decision the committee vacated its prior finding of not guilty of the departmental charges brought against Denisewich. It then made a new finding unanimously holding Denisewich guilty of the departmental charges brought against him.

Thereafter, the hearing committee reconvened in order to determine the punishment to be imposed. By majority decision the committee recommended that Denisewich be suspended from the State Police for a period of eighteen months commencing April 1, 1988. He was to be deprived of any seniority time and benefits that might otherwise have accrued during the suspension period. However, the committee further held that Denisewich, following his reinstatement subsequent to the eighteen-month period of suspension, was to receive "all lost wages and seniority benefits for that time period which applies to his absence not including the eighteen-month (18) suspension." He was ordered by the committee to disclose all income obtained through outside employment during the same period of absence. Such income would be deducted from back pay due him by the State Police.

The superintendent and the state sought review of this decision, claiming that the punishment was inadequate for the offenses of which Denisewich was found to be guilty. Essentially the superintendent and the state are in agreement with the finding by the committee that Denisewich was guilty of departmental charges but ask the court to remand the case to a new hearing committee solely for the purpose of assessing a more appropriate punishment.

 The review by this court of the findings of a hearing committee convened pursuant to the Law Enforcement Officers' Bill of Rights is both limited and highly deferential. *See Lynch v. King*, 120 R.I. 868, 391 A.2d 117 (1978). The hearing committee is not bound by the recommendations of the officer's departmental superiors. The committee has great discretion to modify in whole or in part the recommended sanctions presented by the charging authority. *See State Department of Environmental Management v. Dutra*, 121 R.I. 614, 401 A.2d

1288 (1979); *Lynch v. King*, 120 R.I. 868, 391 A.2d 117 (1978). In the latter case we upheld the constitutionality of the Law Enforcement Officers' Bill of Rights and held that the hearing committee organized pursuant to the statute was authorized " 'to sustain, modify in whole or in part or reverse the complaint or charges of the investigating authority,' " 120 R.I. at 878, 391 A.2d at 123, and further that it might amend or modify the recommendation of the charging authority in respect to discipline or other punishment. *Id.* In that case the committee reduced a recommendation of dismissal to a fifteen-day suspension from the Pawtucket police department. We held that in so doing, the committee acted within the scope of its authority.

In the instant case we recognize that the conduct of Denisewich was a clear violation of his obligation as a member of the State Police. If this court were authorized to impose a disciplinary sanction, it might well have imposed a punishment more severe than an eighteen-month suspension. However, it is not the prerogative of this court to substitute its judgment for that of the hearing committee. We cannot say that it did not act within the scope of its authority in ordering such a suspension. Consequently we have no basis to quash the hearing committee's decision or to order that a new hearing committee be convened.

For the reasons stated, the petition for certiorari is denied. The writ heretofore issued is quashed. The record certified to this court is ordered returned to the hearing committee with our decision endorsed thereon.

BOURCIER, J., did not participate.