DECISION
This case is before the Court on appeal from a May 12, 2000 decision of a Hearing Committee impaneled pursuant to the Law Enforcement Officer's Bill of Rights, G.L. 1956 (1995 Reenactment) § 42-28.6-1 et seq. Jurisdiction is pursuant to § 42-28.6-12 (1995 Reenactment).
 Facts/Travel
This matter arises out of actions taken by Colonel Joseph Crowley, Jr., demoting Walter Davis ("Davis" or "appellant") from his position as Sergeant. The facts leading up to Crowley's actions are essentially those found by the Hearing Committee and contained in and supported by the record.
On February 16, 2000, Sergeant Davis received a detailed complaint from Colonel Joseph Crowley, Jr. (Crowley) of the Rhode Island Marshal Service, recommending Davis be demoted to the rank of Deputy Marshal. This letter was sent as a result of numerous complaints received by Crowley in response to Davis' inability to perform assigned tasks. The complaint set forth four charges against Davis. Pursuant to §42-28.6-1, Davis requested and was granted a hearing before the Hearing Committee. In compliance with statutory requirements, the Committee was comprised of three active law enforcement officers.
Hearings were held on five days between March 22, 2000 and April 4, 2000. After said hearings, a majority of the members of the Committee found that "Sergeant Walter Davis was unable to plan, organize, and assign personnel. That Sergeant Davis filed reports with discrepancies contained within, concerning incidents at Providence Superior Court. That Sergeant Davis failed to follow rules, regulations, policy and procedure. That he failed to understand the duties and responsibilities of personnel assigned under his command. That Sergeant Davis failed to properly perform his duties as a Supervisor at Providence Superior Court. That Sergeant Davis' indecisiveness placed himself and his subordinates in a position to be injured. That Sergeant Davis demonstrated a lack of management skills necessary to deal with subordinates in a firm, fair and consistent manner. That Sergeant Davis had difficulty performing duties and assignments given to him since his promotion to the rank of Sergeant on July 4, 1999."
As a result of the foregoing, the Committee unanimously found Sergeant Davis guilty of Charge IV: Fitness for Duty, Code of Ethics and Conduct Policy, § 3.14-1. Davis filed the instant appeal.
 Law Enforcement Officers' Bill of Rights
The Law Enforcement Officers' Bill of Rights is the exclusive remedy for permanently appointed law enforcement officers subject to proposed disciplinary action. City of Pawtucket v. Ricci, 692 A.2d 678 (R.I. 1997) (citing City of East Providence v. McLaughlin, 593 A.2d 1345 (R.I. 1991)).
Under the provisions of the act, an officer facing departmental charges may request a hearing before a Hearing Committee composed of three active law enforcement officers. G.L. §§ 42-28.6-1 and 42-28.6-4. The Hearing Committee is not bound by the recommendations of the officer's departmental superiors. The Committee has great discretion to modify in whole or in part the recommended sanctions presented by the charging authority. Culhane v Denisewich, 689 A.2d 1062 (R.I. 1997) ( citing State Department of Environmental Management v. Dutra 1211 R.I. 614 (R.I. 1979)). Section 42-38.6-12 states that for the purpose of this section, the Hearing Committee shall be deemed an administrative agency.
Although not a state agency within the meaning of the Administrative Procedures Act (A.P.A), R.I.G.L. § 42-35-1 et seq., a Hearing Committee under the Officers' Bill of Rights statute possesses quasi-judicial authority similar to that exercised by state agencies under the A.P.A. In Re Denisewich, 643 A.2d 1194 (R.I. 1994). An officer facing departmental charges may request a hearing before a Hearing Committee, which then is empowered to sustain, modify, or reverse the complaint or charges of the investigating authority. § 42-28.6-11. The hearing panel is not bound by any pre-hearing recommendation of punitive measures made by the charging authority, but may take any action as is appropriate under the circumstances. Lynch v. King, 120 R.I. 868,391 A.2d 117 (1978).
 Standard of Review
Appeals from all decisions rendered by the Hearing Committee shall be to the Superior Court in accordance with §§ 42-35-15 and 42-35-15.1
of the General Laws. R.I.G.L. 1956 § 42-38.6-12 (Reenactment 1995). The review is both limited and highly deferential; it shall be confined strictly to the record.
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
1) In violation of constitutional or statutory provisions;
 2) In excess of the statutory authority of the agency;
 3) Made upon unlawful procedure;
 4) Affected by other error of law;
 5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing an agency's decision, this Court must not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of the evidence. Costa v. Registrar of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). Rather, this Court must confine itself to a review of the record to determine if legally competent evidence exists to support the agency decision. If competent evidence exists in the record considered as a whole, the Court is required to uphold the agency's conclusions. Barrington School Committee v. Rhode Island State Labor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992). Legally competent evidence is defined as the presence of some or any evidence supporting the agency's findings. Sartor v. Coastal Resources Management Council, 542 A.2d 1007, 1082-83 (R.I. 1988). The Court may reverse factual conclusions of an agency only when they are totally devoid of competent evidentiary support in the record. Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). This Court will uphold an agency decision after reviewing the certified record and evidence, even where the Court may be inclined to view evidence differently than did the agency, if the agency's decision is supported by substantial evidence.
Berberian v. Department of Employment Security, 414 A.2d 480, 482 (R.I. 1980); Cahoone v. Board of Review of Dept. of Employment Security,104 R.I. 503, 506, 246 A.2d 213 215, (1968).
 The Proper Standard
On appeal, Davis argues that the Hearing Committee applied the wrong standard in determining whether his demotion was proper. Davis contends that his demotion was based on his inability to perform rather than his misconduct in office. Therefore, Davis contends, the Hearing Committee should have used a different standard with regard to his demotion. The appellant states that "within the realm of labor relations, in both the private and public sector, performance based discipline can be a basis for disciplinary [sic] such as demotion, however the Employers [sic] burden of proof is different. In order to discipline an employee for performance based reasons, the Employer must prove that the employee, despite repeated attempts for improvement, either fails or cannot meet the standards set by the Employer due to the fact that he lacks the ability to do so."
In support of this contention the appellant exclusively relies on Labor and Employment Arbitration, Bornstein, 2nd Ed. at 16-9 § 16.02[2][b].
The appellant contends a different standard is applicable in the instant matter because he believes that his demotion was based solely upon his performance as a Marshal. Rhode Island General Laws § 42-28.6-11(c), "Decisions of Hearing Committee," provides:
 * * *
 "(c) In any proceeding under this chapter, it shall be the burden of the charging law enforcement agency to prove, by a fair preponderance of the evidence, that the law enforcement officer is guilty of the offense(s) or violation(s) of which he or she is accused." (Emphasis added.)
This statute does not distinguish between performance-based discipline or discipline based on misconduct. The statute sets forth one basic standard to which the committee must adhere when examining the conduct of an officer who has been accused of a violation or offense. The appellant urges this Court to distinguish between misconduct and performance. However, there is no ostensible distinction to be drawn pursuant to statute or Rhode Island case law. As our Supreme Court stated in McLaughlin, "The Law Enforcement Officers' Bill of Rights is the exclusive remedy for permanently appointed law enforcement officers who are under investigation by a law enforcement agency for any reason that could lead to disciplinary action, demotion or dismissal." City of East Providence v. McLaughlin, 593 A.2d 1345 (R.I. 1991) (citing Lynch v. King, 120 R.I. 868, 870 n. 1, 391 A.2d 117, 119 n. 1 (1978). (Emphasis added.)
The record reveals various instances of offenses or violations. The record evidences that Davis was unable to supervise deputies, failed to grasp the duties assigned to him, had difficulty in assigning personnel and coordinating cell block activities and that he could not follow rules, policy or procedure. (Marshal exhibit #18 and March 29 Tr. at 37-39.) The record also shows that Davis submitted an inaccurate report of an incident regarding a dispute over contractual language and failed to submit a "use of force" report. (March 30 Tr. at 73-79 and March 29 Tr. at 65.) The record, which consists of over five days of hearings, is replete with evidence that Davis engaged in misconduct with regard to his duties.
Accordingly, the Hearing Committee's finding that Davis' conduct constituted a violation of specific acts of the Code of Ethics and Conduct Policy rules did not constitute an error of law and is supported by the evidence of the record. The charges brought against Davis were actionable under the specific guidelines set forth by the Code of Ethics and Conduct. Clearly, the conduct complained of was the type that "could lead to a demotion" and falls within the parameters of McLaughlin. Id. As a result, the hearing under the Law Enforcement Officers' Bill of Rights, and, more importantly, under the standard prescribed by the legislature under § 42-28.6-11(c) did not constitute unlawful procedure. Pursuant to § 42-28.6-11(c) the charging agency is required to prove "by a fair preponderance of the evidence, that the law enforcement officer is guilty of the offense or violation of which he or she is accused," which they did.
The appellant further argues that "in order to meet its burden, an employer must show the establishment of a comprehensive performance review process." The appellant argues that before an employee can be demoted, the employer must provide performance reviews so that the employee can correct the areas of his performance which are deficient.
Section § 42-28.6-11(c) of the Rhode Island General Laws provides the standard for determining whether to demote, dismiss or discipline under the Law Enforcement Officers' Bill of Rights. The Hearing Committee is not obligated to determine if a performance review occurred or whether an employee's shortcomings were communicated to him/her before he/she was demoted.
Rather, the charging agency, here, the Department of Corrections, is required only to prove by a fair preponderance of the evidence that a violation or offense warranting demotion occurred. Furthermore, the record evidences that Davis' prior positions and training with the Department of Corrections should have prepared him for his duties as sergeant. The record also indicates that Davis' superiors worked with him so that he could improve his performance (March 29 Tr. at 39) Thus, the Committee's finding that despite Davis' training and experience he was unable to perform his duties as sergeant is supported by the probative and substantial evidence of record.
This Court finds that the Hearing Committee's determination that Davis was guilty of an offense or violation which warranted his demotion was not clearly erroneous. After a review of the record, this Court finds substantial, reliable and probative evidence to support the Committee's decision. The Committee's recommendation is within the statutory provisions and authority of 42-28.6-11 et seq., is made upon lawful procedure, is not affected by other error of law and is well within the discretion of the Hearing Committee. Substantial rights of the appellant have not been prejudiced. Accordingly, the May 12, 2000 decision of the Hearing Committee is affirmed.
Counsel shall submit the appropriate judgment for entry.