[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
In this case the City of Warwick Police Department (hereinafter Plaintiff or Department) appeals from a June 6, 2004 decision of a Hearing Committee (hereinafter Committee) formed under the Law Enforcement Officers' Bill of Rights which rejected the recommendation of the Warwick Chief of Police to terminate Sergeant David DeAngelis (hereinafter Defendant or DeAngelis) as an employee of the Warwick Police Department and, instead, after finding DeAngelis guilty of conduct unbecoming a police officer, suspended him without pay for twenty (20) working days.
This Court has jurisdiction pursuant to §§ 42-28.6-12 and 42-35-15 of the General Laws of Rhode Island 1956, as amended.
 Facts
All the sordid details of this incident need not be fully described for the purposes of this decision. Suffice it to say that they came to light when Warwick Police Chief Stephen McCartney filed a departmental charge against Sergeant DeAngelis[1] alleging conduct unbecoming an officer, in that in November 2002, he engaged in a sexual relationship with a 17year old female cadet in the Warwick Police Explorer Program. For these charges, Chief McCartney recommended that DeAngelis be terminated from the department. Pursuant to the Law Enforcement Officers' Bill of Rights, DeAngelis sought and received a hearing before a duly selected three-member Hearing Committee. After a lengthy hearing, the Committee issued its unanimous decision on June 4, 2004 finding DeAngelis guilty of the charge of conduct unbecoming an officer which brought discredit to the police department, but modified the Police Chief's termination order, instead suspending DeAngelis for twenty (20) working days without pay.
The Department appeals the Committee's decision to this Court pursuant to G.L. 1956 § 42-28.6-12 claiming error by the Committee in the penalty phase of its decision.
 Standard of Review
"The Law Enforcement Officers' Bill of Rights is the exclusive remedy for permanently appointed law enforcement officers who are under investigation by a law enforcement agency for any reason that could lead to disciplinary action, demotion or dismissal." City of East Providencev. McLaughlin, 593 A.2d 1345 (R.I. 1991). An officer facing departmental charges may request a hearing before a Hearing Committee composed of three active law enforcement officers. G.L. 1956 § 42-28.6-1 and 42-28.6-4. The Hearing Committee has broad discretion to modify in whole or in part the sanctions that the charging authority recommends and is not bound by the recommendations of the officer's departmental superiors. Culhane v.Denisewich, 689 A.2d 1062 (R.I. 1997). Appeals from the decisions of such Hearing Committees are taken pursuant to G.L. 1956 § 42-28.6-12, which provides that the Hearing Committee "shall be deemed an administrative agency and its final decision shall be deemed a final order in a contested case within the meaning of §§ 42-35-15 and 42-35-15.1."
Section 42-35-15(g) of the General Laws governs this Court's review of a decision of the Hearing Committee. This section provides:
 "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing an agency decision, this Court may not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of evidence concerning questions of fact. Ctr.For Behavioral Health, R.I., Inc. v. Barros, 710 A.2d 680, 684 (R.I. 1998). This Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipmentv. R.I. Comm'n for Human Rights, 484 A.2d 893 (R.I. 1984). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla, but less than a preponderance. Id. at 897. Even where a court might be inclined to impose a more severe punishment, it is not the prerogative of the court to substitute its judgment for that of the Committee. Culhane at 1065. This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the records." Milardo v. Coastal Res. Mgmt. Council, 434 A.2d 266, 272 (R.I. 1981). Questions of law, however, are not binding on a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts of InterestsComm'n., 509 A.2d 453, 458 (R.I. 1986). If competent evidence supports the Commission's findings and conclusions, this Court is required to uphold them. R.I. Pub. Telecomms. Auth. V.R.I. Labor Relations Bd.,650 A.2d 479, 485 (R.I. 1994). "[L]egally competent evidence is marked `by the presence of "some" or "any" evidence supporting the agency's findings.'" State v. R.I. State Labor Relations Bd., 694 A.2d 24, 28
(R.I. 1997).
 Arguments Presented
The Department contends that while the Committee correctly found DeAngelis' conduct unbecoming that of an officer which brought discredit and disrepute upon the Warwick Police Department, its 20-day suspension of Defendant was clearly in error since there was no correlation between the suspension and the findings. Plaintiff suggests that DeAngelis' conduct, including his role in the Police Cadet Program, his befriending of the 17-year old and her family, and the ultimate sexual act with her was so reprehensible that it deserved the termination penalty recommended by the Police Chief.
DeAngelis argues that there is nothing erroneous in the Committee's penalty. The Committee's findings of fact and its "taking into consideration all the relevant issues pertinent to this incident" in imposing its punishment are ample justification and explanation for the 20-day suspension. Further, Defendant notes that there are no penalty guidelines on which the Committee could rely; and that in any case, its decision was unanimous, with the Department's own designee on the Committee agreeing with the sanction.
 Discussion
There is no doubt that DeAngelis' conduct was reprehensible. No matter what justification he offered, the fact remains that he had sexual relations with a 17-year old who had been part of the Police Cadet Program. No superior (Defendant was an assistant adviser to the program) should ever be involved in such behavior, especially where the subordinate is a minor. As stated in Culhane, "If the Court were authorized to impose a disciplinary sanction, it might well have imposeda punishment more severe. . . ." (Emphasis added.) Culhane at 1065. Nevertheless, the standard of review that the Court is bound to follow does not allow it to substitute its judgment for that of the Committee where substantial evidence exists to support the decision. The detailed findings of the Committee clearly point to such evidence. Before reaching them, it heard from and questioned DeAngelis, Captain Tavares, the Warwick Internal Affairs Officer, the 17-year old's parents, and the parties' attorneys.[2]
Among its unanimous findings were that the incident occurred while DeAngelis was still a patrol officer and not a supervisor;[3] that he was off duty and not in uniform; that the incident was with a 17-year old who was over the age of consent; that it was not a hearing for "progressive discipline," and that Captain Tavares stated "he's been a good officer." The Committee also considered the impact of the incident on the 17-year old's family, as well as on the Defendant, especially noting the miscarriage that Defendant's wife suffered may have been stress related. From that evidence and those findings, the Committee found DeAngelis guilty of the charge of conduct unbecoming a police officer.
The Department does not dispute the finding of misconduct. Indeed, it contends the 20-day suspension is not reasonably related to it. Since any penalty or sanction is a part of the decision making process, it is reviewed in the same manner that this Court reviews any agency decision.Culhane, Id. One cannot read the Committee's decision without gleaning from it a rational relation between the finding of misconduct and the sanction imposed. As indicated above, the substantial evidence of a single incident, while off duty, with a person over the age of consent by a patrolman described as a good officer, gives logical explanation to the sanction imposed, which sanction was agreed to by all members of the Committee, including the Department's designee.
 Conclusion
After a thorough review of the entire record and the memoranda of counsel, this Court finds the Committee's decision finding Defendant David DeAngelis guilty of the charge of conduct unbecoming an officer and imposing a penalty of twenty (20) working days without pay is supported by reliable, substantial and probative evidence contained in the record. Further, its conclusion was not arbitrary, capricious or effected by error of law.
Accordingly, the Hearing Committee's decision is affirmed. Counsel shall prepare an appropriate order for entry.
[1] DeAngelis was a patrolman at the time of the incident, but was promoted to Sergeant before the charge was filed.
[2] The Committee also reflected on the written and audio testimony of the 17-year old describing the incident.
[3] The Committee was obviously considering DeAngelis' rank in the police force at the time, which was not supervisory, and not any position he held as a volunteer in the Cadet Program.