[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
In this case the City of Warwick Police Department (hereinafter Plaintiff or Department) appeals from a June 1, 2004 decision of a Hearing Committee (hereinafter Committee) formed under the Law Enforcement Officers' Bill of Rights which rejected the recommendation of the Warwick Chief of Police to terminate Officer David Thompson (hereinafter Defendant or Thompson) as an employee of the Warwick Police Department and, instead, after finding DeAngelis guilty of conduct unbecoming a police officer, (i.e., charge 1 of the complaint), suspended him without pay for nine (9) months.
This Court has jurisdiction pursuant to §§ 42-28.6-12
and 42-35-15 of the General Laws of Rhode Island 1956, as amended.
 Facts
The details of the incident need not be fully described for the purposes of this decision. It is sufficient to note that the Plaintiff, after hearing, found the Defendant had violated the Department's code of conduct, by engaging in conduct unbecoming an officer by engaging in a sexual relationship on more than one occasion with a 17-year old female cadet in the Warwick Police Explorer Program. For these charges, the Chief of Police recommended that Defendant be terminated from the department. Pursuant to the Law Enforcement Officers' Bill of Rights, Thompson sought and received a hearing before a duly selected three-member Committee. After a hearing, the Committee issued its decision finding Thompson guilty of the charge of conduct unbecoming an officer, but modified the Police Chief's termination order, instead suspending Thompson for nine (9) months without pay. The Decision was made by majority vote, two members voting in favor of its finding and one member dissenting.
The Department appeals the Committee's decision to this Court pursuant to G.L. 1956 § 42-28.6-12 claiming error by the Committee in the penalty phase of its decision. On June 6 this Court remanded the matter to the Committee directing the majority of the Hearing Committee to make findings in support of its recommendation. These additional findings were forwarded to the Court on June 20, 2005.
 Standard of Review
"The Law Enforcement Officers' Bill of Rights is the exclusive remedy for permanently appointed law enforcement officers who are under investigation by a law enforcement agency for any reason that could lead to disciplinary action, demotion or dismissal." City ofEast Providence v. McLaughlin, 593 A.2d 1345 (R.I. 1991). An officer facing departmental charges may request a hearing before a Hearing Committee composed of three active law enforcement officers. G.L. 1956 § 42-28.6-1
and 42-28.6-4. The Hearing Committee has broad discretion to modify in whole or in part the sanctions that the charging authority recommends and is not bound by the recommendations of the officer's departmental superiors. Culhane v. Denisewich, 689 A.2d 1062 (R.I. 1997). Appeals from the decisions of such Hearing Committees are taken pursuant to G.L. 1956 § 42-28.6-12, which provides that the Hearing Committee "shall be deemed an administrative agency and its final decision shall be deemed a final order in a contested case within the meaning of §§ 42-35-15 and 42-35-15.1."
Section 42-35-15(g) of the General Laws governs this Court's review of a decision of the Hearing Committee. This section provides:
 "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing an agency decision, this Court may not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of evidence concerning questions of fact. Ctr.For Behavioral Health, R.I., Inc. v. Barros, 710 A.2d 680, 684 (R.I. 1998). This Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipmentv. R.I. Comm'n for Human Rights, 484 A.2d 893 (R.I. 1984). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla, but less than a preponderance. Id. at 897. Even where a court might be inclined to impose a more severe punishment, it is not the prerogative of the court to substitute its judgment for that of the Committee. Culhane at 1065. This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the records." Milardo v. Coastal Res. Mgmt. Council, 434 A.2d 266, 272 (R.I. 1981). Questions of law, however, are not binding on a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts of InterestsComm'n., 509 A.2d 453, 458 (R.I. 1986). If competent evidence supports the Commission's findings and conclusions, this Court is required to uphold them. R.I. Pub. Telecomms. Auth. V.R.I. Labor Relations Bd.,650 A.2d 479, 485 (R.I. 1994). "[L]egally competent evidence is marked `by the presence of "some" or "any" evidence supporting the agency's findings.'" State v. R.I. State Labor Relations Bd., 694 A.2d 24, 28
(R.I. 1997).
 Arguments Presented
The Department contends that while the Committee correctly found Thompson's conduct unbecoming that of an officer, its nine (9) month suspension of Defendant was in error since there was no correlation between the suspension and the findings. Plaintiff suggests that Thompson's conduct was so reprehensible that it deserved the termination penalty recommended by the Police Chief and supported by the dissenting member of the Hearing Committee.
Thompson argues that there is nothing erroneous in the Committee's penalty. The Committee's findings of fact and its "taking into consideration all the relevant issues pertinent to this incident" in imposing its punishment are ample justification and explanation for the nine (9) month suspension.
 Discussion
There is no doubt that Thompson's conduct was reprehensible. As stated in Culhane, "If the Court were authorized to impose a disciplinary sanction, it might well have imposed a punishment more severe. . . ." (Emphasis added.) Culhane at 1065. Nevertheless, the standard of review that the Court is bound to follow does not allow it to substitute its judgment for that of the Committee where substantial evidence exists to support the decision. A review of the record satisfied this Court that the Hearing Committee fully considered Thompson's conduct including that he exercised supervisory authority over the cadet. The Hearing Committee was also mindful of the fact that the misconduct arose when Thompson was off duty. Furthermore, the Hearing Committee had a full opportunity to evaluate Thompson's claimed remorse as it related to the incident. Moreover, the supplemental findings upon remand forwarded to the Court on June 20, 2005 make it clear that the Hearing Committee had an opportunity to consider the fact that the city did not produce Thompson's service record or any prior disciplinary action. Based on the evidence that was admitted at hearing, the Hearing Committee fashioned a multi-month suspension as the penalty to be imposed. It is not persuasive that the agency decision is flawed in that one member of the Hearing Committee supported termination over suspension. The record does not support the conclusion that the dissenting member's view is more greatly supported by the evidence than that of the majority.
Given the record that exists, this Court's alteration of a multi-month suspension imposed upon Officer Thompson would necessarily entail that this Court exercise independent judgment as to the penalty to be imposed, a task which it is proscribed from doing when in a case such as this, the record evidence does not support the conclusion that the majority of the Committee abused its discretion.
 Conclusion
In conclusion, since any penalty or sanction is a part of the decision making process, it is reviewed in the same manner that this Court reviews any agency decision. Culhane, Id. The majority of the Committee's decision, including its remand findings, demonstrate a rational relation between the finding of misconduct and the sanction imposed.
After a thorough review of the entire record and the memoranda of counsel, this Court finds the Committee's decision finding Defendant David Thompson guilty of the charge of conduct unbecoming an officer and imposing a penalty of nine (9) months without pay is supported by reliable, substantial and probative evidence contained in the record. Further, its conclusion was not arbitrary, capricious or effected by error of law.
Accordingly, the Hearing Committee's decision is affirmed. Counsel shall prepare an appropriate order for entry.